UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| EVANSTON INSURANCE COMPANY, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION H-16-818 |
| | § | |
| MID-CONTINENT CASUALTY COMPANY, | § | |
| | § | |
| *Defendant*. | § | |

## ORDER

Pending before the court is a brief on damages filed by plaintiff Evanston Insurance Company ("Evanston"). Dkt. 29. Defendant Mid-Continent Casualty Company ("Mid-Continent") did not respond to Evanston's brief. Having considered Evanston's brief and the applicable law, the court is of the opinion Evanston should be awarded: (1) actual damages in the amount of $1,045,106.63; (2) prejudgment interest in the amount of $87,187.66; and (3) costs and postjudgment interest.

### I. BACKGROUND

Evanston filed this subrogation action seeking reimbursement from Mid-Continent for a portion of the payments Evanston made on behalf of their mutually insured, Global Waste Services LLC ("Global"). Dkt. 1. Mid-Continent issued a commercial automobile policy to Global with a $1,000,000 per-accident limit of liability. *Id.* ¶ 1. Evanston insured Global under an excess liability policy that was written in excess to the Mid-Continent policy. *Id.* ¶ 2.

This case involves the payment of claims that resulted from a series of collisions involving a Global employee on November 15, 2013. Dkt. 14 ¶ 3. Evanston argued that four different accidents occurred, and that Mid-Continent was responsible for policy limits for each. Dkt. 15 at 16–17. These accidents include:

(1) a collision with Alexander Garcia's F150;

(2) a collision with Joseph Williams's Honda;

(3) a collision with a Harris County tollbooth; and

(4) a collision with Gwenetta Powell's Charger.

*Id.* Mid-Continent contended that the series of collisions constituted only one accident for the purposes of the $1,000,000 per-accident limit of liability.[1] Dkt. 17.

In its order on September 29, 2017, the court found that three accidents occurred, resolving all of the disputed liability issues before the court. Dkt. 28. These accidents included: (1) the collision with Garcia's F150; (2) the collision with Williams's Honda and the collision with the tollbooth; and (3) the collision with Powell's Charger. *Id.* The parties do not dispute that (1) the claims resulting from the accident involving Garcia's F150 amounted to $4,225.18; (2) the claims resulting from the accident involving Williams's Honda amounted to $4,588,140; and (3) the claims resulting from the accident involving Powell's vehicle amounted to $2,125,000. Dkt. 14 ¶¶ 16, 17, 20, 21. Mid-Continent paid $1,000,000 total and claimed policy limits. *See id.* ¶ 17. Evanston paid $40,991.45 in defense fees after Mid-Continent claimed exhaustion. *Id.* ¶ 23. As the disputed liability issues have been resolved, the only issue before the court is damages.

## II. ANALYSIS

**A.    Actual Damages**

An equitable subrogation claim "'include[s] every instance in which one person, not acting voluntarily, has paid a debt for which another was primarily liable and which in equity and good

---

[1]While Mid-Continent contended the series of collisions constituted only one accident, it agreed to pay for the claims arising from the accident with Garcia's F150 to limit the issues before the court. Dkt. 22 at 2.

conscience should have been discharged by the latter.'" *Royal Ins. Co. of Am. v. Caliber One Indem. Co.*, 465 F.3d 614, 618–19 (5th Cir. 2006) (quoting *Argonaut Ins. Co. v. Allstate Ins. Co.*, 869 S.W.2d 537, 541–42 (Tex. App.—Corpus Christi 1993, writ denied)). Thus, Mid-Continent is liable for the amount of claims that it should have discharged. Mid-Continent should have paid $2,004,225.18 in claims, resulting from: (1) $4,225.18 for the accident with Garcia's F150; (2) $1,000,000 (policy limits) resulting from the accident with Williams's Honda; and (3) $1,000,000 (policy limits) resulting from the accident with Powell's Charger.

Additionally, Mid-Continent agreed to defend Global against lawsuits seeking damages until Mid-Continent exhausted policy limits. Dkt. 15, Ex. B. Thus, Mid-Continent is responsible for defense costs that Evanston incurred when Mid-Continent prematurely claimed exhaustion. Mid-Continent does not contest that these costs total $40,881.45. Dkt. 14 ¶ 23. Thus, Mid-Continent should have paid a total of $2,045,106.63. Because Mid-Continent paid $1,000,000 before claiming policy limits, Evanston is entitled to recover $1,045,106.63 in actual damages.

**B.     Prejudgment Interest and Court Costs**

In a diversity action, Texas law governs the determination of prejudgment interest. *Bartholomew v. CNG Producing Co.*, 832 F.2d 326, 330–31 (5th Cir. 1987) (state law governs the award of prejudgment interest when state law provides for prejudgment interest as a substantive right). In actions where an enabling statute does not allow prejudgment interest, common law controls the calculation and recovery of prejudgment interest. *Johnson & Higgins of Tex., Inc. v. Kenneco Energy, Inc.*, 962 S.W.2d 507, 530 (Tex. 1998). In *Johnson & Higgins*, the Texas Supreme Court made the rate and date of accrual of prejudgment interest consistent in common law with those causes of action falling within the enabling statute, Texas Finance Code § 304.104. *Id.* at 531. Thus, prejudgment interest accrues on the amount of the judgment during the period beginning on the

earlier of: (1) the 180th day after the date the defendant receives written notice of a claim; or (2) the date the suit is filed, and ending on the day preceding the date judgment is rendered. *Id.* Prejudgment interest is computed as simple interest. *Id.* at 532. As of the date of this judgment, the prevailing prejudgment interest rate under Texas law is 5% per annum[2] and accrues through the date preceding the day judgment is rendered. *See* Tex. Fin. Code Ann. §§ 304.003, 304.104.

Evanston is thus entitled to prejudgment interest from the date suit was filed, March 28, 2016. As judgment is entered on this date, Evanston is entitled to prejudgment interest for 609 days, totaling $87,187.66. Further, Evanston is entitled to costs. Fed. R. Civ. P. 54(d). Thus, Evanston is also awarded costs.

## C. Postjudgment Interest

Even in a diversity case, federal law applies to an award of postjudgment interest. *See Travelers Ins. Co. v. Liljeberg Enters., Inc.*, 7 F.3d 1203, 1209 (5th Cir. 1993) ("[A] court with diversity jurisdiction awards prejudgment interest according to state law, . . . but calculates postjudgment interest according to the federal rate."). The applicable federal interest rate for the calendar week preceding the date of judgment is 1.615% per annum.[3] *See* 28 U.S.C. § 1961(a). Mid-Continent does not dispute the award of postjudgment interest. Thus, Evanston is awarded postjudgment interest pursuant to 28 U.S.C. § 1961(a) at the statutory rate.

---

[2]The current rate is published by the Office of Consumer Credit Commissioner at http://www.occc.state.tx.us/pages/int_rates/Index.html. For the period November 1, 2017, to November 30, 2017, the prevailing judgment interest rate is 5%.

[3]This rate is equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the week ending November 24, 2017. *See* 28 U.S.C. § 1961(a) (specifying the source of the prevailing federal judgment interest rate). The weekly average is posted by the Federal Reserve Board of Governors at https://www.federalreserve.gov/releases/h15/.

## IV. CONCLUSION

Pursuant to the court's order (Dkt. 28) entered on September 29, 2017, Evanston is awarded: (1) actual damages in the amount of $1,045,106.63; (2) prejudgment interest in the amount of $87,187.66; and (3) costs and postjudgment interest. The court will enter a final judgment consistent with this order.

Signed at Houston, Texas on November 27, 2017.

_____
Gray H. Miller
United States District Judge